## *CARLIN vs. DUMARTRAIT.*

Until due notice is given of the transfer of a claim, by the *transferee* to the person on whom it is given, a *creditor* of the *transferor* or assignor may legally seize it and appropriate to his own debt.

A person employed as agent to *receive* and *pay* the debts of a succession, is *not* thereby authorised to receive legal *notice* of the assignment or transfer of a debt

APPEAL from the court of the fifth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. The same matter now at issue between the parties has already litigated in this court, and judgment of non-suit was given against the plaintiff.

The plaintiff claims from the heirs of Masicot, the amount of a certain judgment transferred by Labarthe. The defendant, as a creditor of the assignors, levied an execution on it. The question then for the decision of

West'n. District.
*Sept'r.* 1829.

CARLIN
*vs.*
DUMARTRAIT.

he court is, whether notice was given to Massicot or his heirs before the execution was levied, for until that was done any of his creditors might seize the debt.—*C. code,* 368, *art.* 122.

In this case, proof is made that notice was given previous to the seizure to Dumartrait, who swears that he had been agent for the heirs of Massicot, from a short time after his death, in 1821; and authorised to receive and pay the debts of the succession. But nothing shows, that he was authorized to receive notices of this kind. And such authority must be specially established. Until Massicot's heirs received notice they might legally have paid Labarthe, the creditor; while they could pay, a creditor might seize.

*on the succession to a third person. The authority to receive notice of the transfer of a debt must be specially established, for until notice the debtor might pay the original creditor, and while he can pay, a creditor of the first creditor might seize the debt due him.*

This case cannot be distinguished from that of *Bainbridge vs. Clay—Vol.* 4, 56.

It is therefore ordered adjudged and decreed, that the judgment of the district court be annulled avoided and reversed, and that there be judgment as of non-suit against the plaintiff with costs in both courts.

*Plaisted* for the plaintiff.—*Simon* for the defendant.